HENRY SWISHER *et al.* v. JAMES H. ELLSWORTH.

No. 12,983.  (71 Pac. 810.)

Error from Douglas district court; C. A. SMART, judge. Opinion filed March 7, 1903. Affirmed.

*Bishop & Mitchell*, for plaintiffs in error.
*Browneil & Poehler*, for defendant in error.

*Per Curiam:* This proceeding grows out of an action for damages for breach of a contract of employment. The plaintiff below, James H. Ellsworth, sued Swisher Brothers, alleging that they had employed him to act as traveling salesman for them for one year, and had discharged him without good reason and in violation of the contract before the expiration of the time. The defendants answered with a general denial and an allegation of the termination of the contract by mutual consent. The cause was heard by the court without a jury, upon written and oral evidence. Plaintiff was given judgment for $193.30. Defendants now seek the reversal of the judgment on two grounds: First, that the established facts preclude a recovery by the plaintiff; and second, that the trial court erred in including interest in the amount awarded plaintiff.

Upon the first proposition plaintiffs in error contend that the consideration of the oral evidence does not necessarily enter into the determination of the matter; that upon the contract itself and the letters of the plaintiff the defendants were entitled to a judgment. We cannot say, however, that the oral evidence did not throw some light upon the issues to be tried and we will therefore decline to review the finding of fact.

Upon the question of interest, it may be noted that while the amount of damages was unliquidated and uncertain in the sense that it was in dispute, and required the determination of the court to settle it, yet upon the theory adopted by the court it was a matter not of mere estimate, but of exact computation, taking the contract price of employment as a basis and allowing credits for payments and the other earnings of the plaintiff within the employment period. But we do not find that the question of the allowance of interest is properly before us for consideration. While the finding of the court was that the plaintiff was entitled to interest, judgment was in fact rendered only for the amount of damages, exclusive of interest. This appears from the record of the finding and judgment, as follows:

"The court doth find that the allegations contained in said plaintiff's petition are true, and that there is due the said plaintiff from said defendants the sum of one hundred and ninety-three dollars and $\frac{30}{100}$ ($193.30), with interest at the rate of six per cent. per annum from the 8 day of Oct., A. D. 1898. Wherefore, it is ordered and adjudged that the said plaintiff have and recover judgment from the said defendant for the sum of $193.30 and for the costs of this action, taxed at $———."

The judgment is therefore affirmed.